MUMFORD *vs.* SPRAGUE and others.

Where the defendant's default is sufficiently accounted for, and he has a valid defence to the suit if the answer sworn to by him is true, it is erroneous to require, as a condition of letting him in to defend, that he should stipulate to stay the proceedings upon a judgment which he has recovered against the complainant, without security; when the effect of such stipulation will be to discharge a surety who is already liable for the debt, if it cannot be collected of the complainant.

Where the owner of a judgment has assigned it to a third person, the assignee of the judgment is a necessary party to a suit for a perpetual stay of the proceedings on such judgment, upon the ground of equities existing between the complainant and the assignor previous to the assignment.

THIS was an appeal, by the defendant Sprague, from so much of the order of the vice chancellor of the eighth circuit, allowing the opening of the defendant's default and permitting him to file and serve his answer, as made it a condition upon which the

appellant should be permitted to defend, that he should execute and deliver to the complainant a stipulation to stay the proceedings upon the execution against the complainant, on the judgment mentioned in the bill, until the hearing of this cause; unless it should be necessary to proceed upon such execution to preserve its priority as against other judgment creditors.

*J. A. Spencer*, for the appellant.

*F. M. Haight*, for the respondent.

THE CHANCELLOR. The neglect to put in the answers in time, is sufficiently accounted for; and the answer, which is sworn to, shows a perfect defence to a part of the relief claimed by the bill. I am inclined to think, however, that the complainant, upon payment of the full amount of the judgment, will be entitled in equity to the collateral securities in the hands of Sprague, which were placed there by Dakin, and also to the premises purchased in by Sprague under the mortgage foreclosures, after paying the costs and expenses of foreclosure, and other necessary expenses in relation to such premises. But the complainant was not entitled to a stay of proceedings upon the judgment, without giving security to pay it, or so much of it as might ultimately be decided to be equitably due. Such is the effect of the statute in relation to the granting of injunctions to stay proceedings at law after judgment. And what the statute has declared to be inequitable and unjust in relation to the granting of an injunction, cannot be equitable as a condition of granting relief in a case of this kind.

There is, however, another fatal objection to this part of the order appealed from, which the vice chancellor has entirely overlooked. It appears from the answer of Sprague, that by a valid agreement made with G. H. Mumford, the latter is entitled to the benefit of a part of the judgment, to indemnify him as a surety upon his guaranty, for the complainant and Dakin, on the draft upon Miller. The effect of giving such a stipulation as the order requires, would probably be to discharge the

liability of G. H. Mumford to Sprague, if given without his consent, even if Sprague was still the owner of the judgment. It however is distinctly sworn in the answer, that on the 8th of March, 1844, which was before the commencement of this suit, Sprague sold, assigned and transferred the original judgment, and the moneys due thereon, to G. H. Clark, who is not a party to this suit, by whom such judgment is now owned. The subsequent proceedings upon the *scire facias*, of course, were for the benefit of Clark and G. H. Mumford, although they were necessarily had in the name of Sprague. And the answer also states that the execution, upon the revived judgment, was issued or caused to be issued by Clark, the assignee. The defendant Sprague, therefore, has no right to interfere with the proceedings upon that execution, without the consent of his assignee ; and an unauthorized interference therewith might render him personally liable to the latter. The complainant can get no relief against that judgment, so far as concerns the interest of Clark therein, without making him a party to this suit, by an amendment of his bill or otherwise ; although upon the bill taken as confessed against Sprague, he might obtain a personal decree against the latter, for the delivery up of the securities received from G. H. Mumford, as the surety for the complainant's endorsement of the Miller draft, and for the costs of this suit.

The order of the vice chancellor must be reversed, or modified so as to direct that the order taking the bill as confessed against the defendant Sprague, be set aside and vacated, upon payment of $7 for the costs of opposing his motion, and upon payment of the costs of the complainant for entering the order to take the bill as confessed, and his subsequent costs of preparing the cause for hearing, up to the time of the entry of the order which was made upon this appeal to stay the proceedings ; such costs to be paid, and the answer perfected within twenty days after the service of the taxed bill of costs upon the defendant Sprague, or his solicitor. And in the meantime, all proceedings upon the order to take the bill as confessed are to be stayed. Neither party is to have costs as against the other upon this appeal ; and the proceedings are to be remitted to the vice chancellor.

The complainant is also to be at liberty to amend his bill, at any time within twenty days after service of the answer of Sprague, by inserting an allegation therein, that G. H. Clark has or claims to have some interest in the judgment, as assignee or otherwise, and praying process of subpœna against him. And in case of such amendment the answer of Sprague is to stand as an answer to the bill as amended.